### 17221. McNEEL *et. al. v.* CLARK, for use, etc.

STEPHENS, J. 1. Assuming that if, upon the trial of a suit based upon an established copy of a lost document, the afterwards-found original could be introduced in evidence to establish rights thereunder at variance with the provisions in the established copy, the variance between the established copy sued on in the present case and the lost original, which appears in evidence, is not substantial and can not affect or change the rights and liabilities of the parties under the established copy sued upon.

2. Assuming that the lost original was a required statutory bond and that the established copy sued upon is not in form the statutory bond required, the obligations of the defendants arising under both the original and the established copy are substantially the same; and since the established copy is sued upon as a common-law obligation, the defendants can not complain upon the ground that, as the established copy sued on was not the statutory bond required, the defendants incurred no obligations under it.

3. This being a suit against the principal and the sureties upon an established copy purporting to be a copy of a forthcoming bond given by a defendant in fi. fa. on the filing of an affidavit of illegality, and it appearing from uncontradicted evidence adduced on the trial of the suit that the original was executed by the defendants, and it further appearing in the evidence, by agreement of counsel, that the condition of the bond had been breached, the trial judge did not err in directing a verdict against the defendants upon all issues except as to the amount of the plaintiff's damage; and since the evidence authorized the inference that the plaintiff's damage, with interest, was in the amount found by the jury, and since the amount of the fi. fa. was established by parol secondary evidence unobjected to, the verdict in the amount found for the plaintiff was authorized.

4. A refusal to grant a nonsuit at the conclusion of the plaintiff's testimony is not ground for a new trial, where it appears from the entire evidence, including evidence subsequently introduced, that the verdict for the plaintiff was authorized.

     *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

     DECIDED FEBRUARY 10, 1927.

Complaint on bond; from Wheeler superior court—S. W. Sturgis judge pro hac vice. December 23, 1925.

---

Appeal and Error, 4 C. J. p. 927, n. 40.

Lost Instruments, 38 C. J. p. 275, n. 31 New.

New Trial, 29 Cyc. p. 786, n. 86.

Replevin, 34 Cyc. p. 1607, n. 94 New.

*William B. Kent,* for plaintiffs in error.
*R. W. Cooper, G. L. Hattaway,* contra.